Max Sanchez "Pro Se"
4632 E Princeton Ave.
Fresno, CA. 93703
Phone# 559-394-6963

**FILED**

**DEC 17 2014**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Max Sanchez,

    Plaintiff,

v.

Portfolio Recovery Association, LLC,

    Defendant.

Case No. 1:14-CV-01978

**FIRST AMENDED COMPLAINT**

## JURISDICTION

1. This court has jurisdiction under 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), 28 U.S.C. §1331 and 28 U.S.C. §1367.

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is Max Sanchez, a natural person, who resides in Fresno California.

4. The Defendant in this lawsuit is Portfolio Recovery Association, LLC which is a debt collection company with offices at 120 Corporate Boulevard, Norfolk, Virginia 23502.

## VENUE

5. The occurrences which give rise in this action occurred in Fresno County California, Plaintiff resides in Fresno California.

6. Venue is proper in the Eastern District of California.

## GENERAL ALLEGATIONS

Attachment 1

7. On or about November 7th 2013 through January 20th 2014 Plaintiff received phone calls to his wireless phone number 559-394-6963 which originated from phone numbers (800) 772-1314 and (757) 963 7007 which are known to be used by Portfolio Recovery Association, LLC (PRA) in their debt collection operations.

8. The Defendant (PRA) has called Plaintiffs wireless phone number 559-394-6963 on eight different occasions from phone number (800) 772-1314 and (757) 963-7007 which are known to be used by (PRA) in their debt collection operations.

9. All calls made by the Defendant (PRA) were made with Automatic Telephone Dialing System (ATDS) capable equipment to Plaintiffs wireless phone.

10. The calls made to Plaintiffs wireless phone were not made for an emergency purpose and were made without the express consent, written or otherwise of the Plaintiff having been given at any time.

11. The Plaintiff has never had any business relationship with the Defendant Portfolio Recovery Association, LLC at anytime and has never given (PRA) his express or written consent to call his wireless phone.

**VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. §227,
THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692et seq.
AND CALIFORNIAS ROSENTHAL ACT §1788 et seq.
BY PORTFOLIO RECOVERY ASSOCIATION, LLC.**

12. Paragraphs 1 through 11 area re-alleged as though fully set fourth herein.

13. Plaintiff brings this action persuant to 47 U.S.C. §227(b)(1)(A)(iii), 15 U.S.C. 1692k(d) and CAL. Civil Code §1788.11(d) for the following.

14. On November 7th at 3:47 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

Attachment 2

15. On November 19th at 3:37 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

16. On November 26th at 3:47 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

17. On January 2nd at 5:29 PM PRA called Plaintiffs wireless number 559-394-6963 from (757) 963-7007 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

18. On January 8th at 8:38 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

19. On January 11th at 3:22 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

15. On November 19th at 3:37 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

16. On November 26th at 3:47 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

17. On January 2nd at 5:29 PM PRA called Plaintiffs wireless number 559-394-6963 from (757) 963-7007 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

18. On January 8th at 8:38 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

19. On January 11th at 3:22 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

20. On January 14th at 5:01 PM PRA called Plaintiffs wireless number 559-394-6963 from (800) 772-1413 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6).

21. On January 20th at 10:09 PM PRA called Plaintiffs wireless number 559-394-6963 from (757) 963-7007 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify the caller was calling the Plaintiff or identify the purpose of the call. Defendants harrassing and abusive actions were a violation of 15 U.S.C. §1692d and/or §1692d(6) and Californias Rsoental Act §1788.11(d) by causing Plaintiffs cellular phone to ring repeatedly or continuously to annoy the Plaintiff. Calling the Plaintiff's wireless phone attempting to collect a debt after 9 PM was a violation of 15 U.S.C. §1692c(a)(1).

## COUNT I

## VIOLATIONS OF THE TCPA 47 U.S.C. §227(b)(1)(A)(iii)

22. Plaintiff repeats and re-alleges each and every allegation as stated above. Defendants afformentioned conduct violated the violated the TCPA, 47 U.S.C. §227. Wherefore, Plaintiff prays for relief and judgment as follow:

    a. Adjudging that PRA violated the TCPA 47 U.S.C. §227

    b. Awarding Plaintiff statutory damages pursuant tp 47 U.S.C. §227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to the Plaintiffs wireless phone as knowing and/or willful violations.

## COUNT II

## VIOLATIONS OF THE FDCPA 15 U.S.C. §1692d

23. Plaintiff repeats and re-alleges each and every allegation as stated above.

Defendants afformentioned conduct violated the violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that PRA violated the FDCPA.

b. Awarding statutory damages pursuant to 15 U.S.C. §1692k in the the amount of $1,000;

a. Awarding Plaintiff any Attorney's fees costs incurred in this action;

b. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

## VIOLATIONS OF THE CALIFORNIA FAIR DEBTCOLLECTION PRACTICES ACT §1788.30(b)

24. Plaintiff repeats and re-alleges each and every allegation as stated above.

Defendants afformentioned conduct violated the RFDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that PRA violated the RFDCPA.

b. Awarding statutory damages pursuant to CAL. Civil Code §1788.30(b) in the the amount of $1,000;

c. Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code §1788.30(c),

d. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: December 17th 2014

Respectfully Submitted,

Max Sanchez
4632 E Princeton Ave
Fresno, CA. 93703
559-394-6963